UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV525-EHJ

SHARON L. FINLEY                                                                                       PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                 DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Sharon Finley ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. Section 405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

On August 18, 2003, Claimant filed application for Supplemental Security Income payments, alleging that she became disabled as of July 13, 2000. After a hearing, Administrative Law Judge Shearer ("ALJ") determined that her severe impairments prevented her from performing her past relevant work. However, the ALJ further found that she retained the residual functional capacity to perform a significant number of light jobs. This became the final decision of the defendant Commissioner when the Appeals Council denied review on August 17, 2006.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence

supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to provide good reason for rejecting the opinion of her treating physician, Ricky S. Collis. Dr. Collis, an anesthesiologist who specializes in pain management, treated Ms. Finley for several years. On March 8, 2004, an office note observed that the patient was "pretty miserable" because of pain, and that exam showed "continued paraspinal muscle spasm and tenderness in the cervical and lumbar spine" with decreased range of motion. He observed "I do not believe that she can be gainfully employed at this time because of restrictions of sitting and standing, turning, twisting, bending, lifting and overhead work." Tr. 1044.

In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

The ALJ limited the weight given Dr. Collis' statement because it was an opinion regarding disability and because it was not supported by objective evidence: "Because the opinion of Dr. Collis addresses an issue reserved to the Commissioner and is not supported by the objective

evidence of record, it is entitled to very little weight." Tr. 722. An opinion that someone is disabled or that she cannot be gainfully employed is *not* a medical opinion entitled to deference. A physician's opinion – even a treating physician's opinion -- regarding disability is not conclusive. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is a legal determination made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2).

To the extent that Dr. Collis statement represents an opinion regarding disability, there is no error in the ALJ's treatment. Specific functional limitations, however, *are* medical rather than legal opinions. Unfortunately, Dr. Collis' statement, while referring generally to "restrictions of sitting and standing, turning, twisting, bending, lifting and overhead work," fails to provide *specific* functional limitations. Claimant did not seek such specific functional analysis until after the ALJ's decision.

This absence of specific functional limitations appears to have given rise to the second of the rationales for rejecting Dr. Collis' statement, i.e., that it was not supported by objective evidence. The opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973 (6th Cir.1984).

Of particular importance in this case is not that clinical or diagnostic findings support the existence of an impairment, but that clinical or diagnostic findings support particular limitations. Although plaintiff argues that Dr. Collis had available to him the radiological and MRI studies and surgery reports applicable to his patient, these reports were also available to all other physicians

(including non-examining physicians) who reviewed the file.  Absent some specific clinical observation that would suggest Dr. Collis' opinion of those reports was better supported than the opinion of other physicians, there is no legal requirement that his opinion was worth more than the opinion of other physicians.  The Court finds no error.

Alternatively, claimant contends that the ALJ failed to consider the record as a whole.  This contention is difficult to comprehend, given the ALJ's analysis (in two separate hearings) of the evidence regarding physical and mental condition.  The fact that substantial evidence could support a different conclusion is not grounds for rejecting an ALJ's decision.  In this case, the Court finds no error and finds that substantial evidence supports the ALJ's decision.

An order in conformity has this day entered.